UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL SAMEK,

                Appellant,

     -against-                             1:14-CV-0465 (LEK)

FIRST NATIONAL ACCEPTANCE
COMPANY OF NORTH AMERICA,
INC.,

                Appellee.

## DECISION and ORDER

**I. INTRODUCTION**

*Pro se* Appellant Michael Samek ("Appellant" or "Debtor") appeals a decision by U.S. Bankruptcy Judge Robert E. Littlefield, Jr. denying Appellant's Motion for reconsideration of the Bankruptcy Court's Order dated February 28, 2014. Dkt. Nos. 1; 1-1 ("Bankruptcy Order") at 11-12; 11 ("Appellant Brief"). Appellee First National Acceptance Company of North America, Inc. ("Appellee") has filed a Response, and Appellant filed a Reply. Dkt. Nos. 15 ("Response"); 16 ("Reply"). For the reasons that follow, the Bankruptcy Court's Order is affirmed.

**II. BACKGROUND**

In March 2000, Appellant, as the sole member of CPR Auto Sales, LLC, obtained a commercial loan from Appellee, secured by a mortgage on the property on which the business was located. See Resp. at 3. On February 7, 2013, Appellant filed a Chapter 13 bankruptcy petition and Chapter 13 plan. Id. On or around that same day, Appellant attempted to convey the mortgaged property from the LLC to himself. See id.

Appellee objected to the confirmation of Appellant's Chapter 13 plan, and later filed a Motion for relief from the automatic stay, which was granted by the Bankruptcy Court. Id. at 4. On June 18, 2013, the parties, through their respective counsel,[1] entered into a settlement agreement, which was approved by Judge Littlefield. Id. Under the terms of the settlement agreement, Debtor was required to deliver the deed and title to the mortgaged property to be held in escrow pending Debtor's attempt to sell the mortgaged premises at a reduced short pay off of the mortgage lien on or before December 18, 2013. Id. at 4-5. Upon Appellant's failure to execute this term of the agreement, Appellee sought relief from the Bankruptcy Court, which ordered that the deed held in escrow be released to Appellee. Id.

On March 10, 2014, Debtor filed a Motion for reconsideration of the Bankruptcy Order, alleging that he had discovered new evidence subsequent to execution of the settlement. Id. at 5. The Bankruptcy Court held a hearing on March 18, 2014, and later issued an order denying Appellant's Motion for reconsideration. See id.; see also B.R. Order.

On March 19, 2014, the mortgaged property at issue was conveyed to Appellee and the deed was duly recorded. See Resp. at 5.

Appellant filed his Appeal on April 24, 2014. Dkt. No. 1. Appellant has since filed several Emergency Motions to stay the Bankruptcy Court Order pending appeal. See Dkt. Nos. 9 ("Emergency Motion"); 12. In the Emergency Motion, Appellant argued that he had discovered accounting errors that caused certain payments on his mortgage to be credited incorrectly, and that but for the error, he would not be in default now. See generally Emergency Mot. In a Decision and

---

[1] Although Appellant is currently proceeding *pro se*, he was represented by counsel up until his appeal. See Docket.

Order dated May 13, 2014, the Court denied Plaintiff's Motion for failure to show a substantial possibility of success on appeal. Dkt. No. 7 ("May Order") at 1. Specifically, the Court found that Appellant had entered into a comprehensive settlement agreement with Appellee that covered the mortgage and payments at issue, and "[b]ecause [Appellant] has provided no evidence that the alleged payment-crediting error could not have been discovered through diligent investigation prior to settlement, he has not shown a substantial possibility that he will succeed on his appeal." Id. at 2.

## III. STANDARD OF REVIEW

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. Cnty. of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc., 691 F.3d 476, 483 (2d Cir. 2012)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Following review, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

## IV. DISCUSSION

Although Appellant's Brief does not specify grounds for relief, mindful of his status as a *pro se* litigant, the Court has carefully reviewed Appellant's Brief and Reply and construed them liberally. However, Appellant's submissions consist of: (1) a reiteration of the newly discovered evidence previously considered in the Bankruptcy Order and in the Court's May Order; and (2) other irrelevant or conclusory remarks. See generally App. Br.; Reply.

Appellee argues that the Appeal should be dismissed because: (1) the Appeal is moot in light of the deed being recorded and no longer part of Appellant's Bankruptcy estate; and (2) even if the Appeal is not moot, Appellant has not provided sufficient facts or a legal basis to warrant relief under Federal Rule of Civil Procedure 60. Resp. at 7.

As stated in the May Order, "[w]hen a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect." May Order. at 2 (quoting United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994)). Moreover, "a settlement agreement will be enforced when a party possessed the necessary information to discover a mutual mistake of fact but 'then, of his own accord, chose to settle rather than investigate.'" Id. (quoting Waite v. Schoenbach, No. 10 Civ. 3439, 2011 WL 3425547, at *5 (S.D.N.Y. Aug. 5, 2011)). The record indicates that Appellant was represented by counsel when he entered into the settlement agreement, and Appellant has not provided any facts that could not have been discovered through diligent investigation prior to settlement. Accordingly, Appellant's appeal is dismissed, and the Bankruptcy Order is affirmed.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Appellant Michael Samek's Appeal (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that the March 19, 2014, Order of the Bankruptcy Court denying Appellant's Motion for reconsideration of the Bankruptcy Court's February 28, 2014, Order is **AFFIRMED**; and it is further

4

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 31, 2015
           Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge